UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| ROGER STEVENS, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF JOHNIE STEVENS,<br><br>Plaintiff,<br><br>v.<br><br>THI OF SOUTH CAROLINA AT CAMP CARE, LLC d/b/a LAKE EMORY POST ACUTE CARE, HUNT VALLEY HOLDINGS, LLC f/k/a FUNDAMENTAL LONG-TERM CARE HOLDINGD, LLC, LYNETTE HILL, INDIVIDUALLY, AND AS REPRESENTATIVE OF THI OF SOUTH CAROLINA AT CAMP CARE, LLC d/b/a LAKE EMORY POST ACUTE CARE, AND AETNA LIFE INSURANCE COMPANY,<br><br>Defendants. | § § § § § § § § § § § § § § § § § § § § § § | CASE NO. |

**DEFENDANT AETNA LIFE INSURANCE COMPANY'S NOTICE OF REMOVAL**

Defendant, Aetna Life Insurance Company ("Aetna") files this Notice of Removal pursuant to 28 U.S.C. §§ 1442(a)(1), 1446 and FED. R. CIV. P. 81(c) and hereby removes the lawsuit styled, *Roger Stevens, as Personal Representative of the Estate of Johnnie Stevens, Plaintiff v. THI of South Carolina at Camp Care, LLC d/b/a Lake Emory Post Acute Care, Hunt Valley Holdings, LLC f/k/a Fundamental Long-Term Care Holding, LLC, Lynette Hill, Individually, and as representative of THI of South Carolina at Camp Care d/b/a Lake Emory Post Acute Care, and Aetna Life Insurance Company, Defendants*, Case No. 2024-CP-4204641, filed in the Court of Common Pleas Seventh Judicial Circuit, Spartanburg County, South Carolina to the United States District Court for the Spartanburg Division of the District of South Carolina.

**BACKGROUND**

*A.    Procedural History*

1. This case was filed on November 25, 2024 in the Court of Common Pleas Seventh Judicial Circuit, Spartanburg County, South Carolina styled Case No. 2024-CP-4204641, *Roger Stevens, as Personal Representative of the Estate of Johnnie Stevens, Plaintiff v. THI of South Carolina at Camp Care, LLC d/b/a Lake Emory Post Acute Care, Hunt Valley Holdings, LLC f/k/a Fundamental Long-Term Care Holding, LLC, Lynette Hill, Individually, and as representative of THI of South Carolina at Camp Care d/b/a Lake Emory Post Acute Care, and Aetna Life Insurance Company, Defendants.*

2. Pursuant to 28 U.S.C. §1446(a), the following documents are attached as Exhibits to Aetna's Appendix in Support of Removal ("Appendix"):

**Exhibit A** – Medicare Advantage 2022 EOC;

**Exhibit B** – Copy of all executed process in the state court case;

**Exhibit C** – All pleadings from the state court case; and

**Exhibit D** – Docket Sheet from the state court case.

3. The South Carolina Department of Insurance was served with citation as Aetna's statutory agent on January 3, 2025. However, Aetna did not actually receive a copy of Plaintiff's Complaint until January 13, 2025. Thus, the thirty (30) day period within which Aetna is required to file a Notice of Removal has not expired. *Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 394 (4th Cir. 2018) ("[W]e now hold that service on a statutory agent is not service on the defendant within the meaning of § 1446(b). Here, ASIC received the complaint on August 24, 2016, and filed notice of removal on September 23, 2016, within the 30–day time period provided in § 1446(b)."). In addition, less than one (1) year has passed since the commencement of this action. Accordingly, this case is removable to this district. *See* 28 U.S.C. § 1442(a).

4.      Pursuant to 28 U.S.C. § 1446(d) and contemporaneously with the filing of this Notice of Removal, Aetna caused written notice to be served upon Plaintiff and has filed a Notice, together with a copy of this Notice of Removal with the Clerk of the Court of Common Pleas of the Seventh Judicial Circuit, Spartanburg County, South Carolina.

### B. Basis of Action

5.      Plaintiff, Roger Stevens ("Plaintiff"), as Personal Representative of the Estate of Johnnie Stevens ("Mrs. Stevens"), filed suit against Aetna and other defendants seeking damages arising out of certain unpaid Medicare Advantage benefits arising out of Mrs. Stevens' Aetna-administered Medicare Advantage plan ("MA Plan"). Exhibit C, pp. 4-6, ¶¶ 12-28. Specifically, Plaintiff alleges that Aetna accepted Ms. Stevens' "application and issued her a policy with member number 101308565700 . . . ." *Id.* at p. 4, ¶ 14.

6.      Plaintiff further alleges that Mrs. Stevens' Medicare Advantage policy required Aetna to provide benefits for "100 days of care for Mrs. Stevens at Defendants' Lake Emory's facility." *Id.* at p. 5, ¶ 21. Plaintiff also claims that Aetna allegedly provided "Defendants Lake Emory with a 'waiver of further coverage' form to be executed by Ms. Stevens. *Id.* at p. 5, ¶ 22. Plaintiff next alleges "[a]fter approximately 30 days, Defendant Aetna, in violation of its obligations to Mrs. Stevens under the policy, refused to pay for additional care." Exhibit C, p. 6, ¶ 27.

7.      Aetna denies that it is liable to Plaintiff under any theory alleged and further denies that Plaintiff is entitled to any additional Medicare benefits. Aetna files its notice of removal alleging federal officer jurisdiction on the basis that Plaintiff is seeking additional benefits under Mrs. Stevens' MA Plan that Aetna issued and administered as part of the federal Medicare Advantage program.

**BASIS OF REMOVAL—FEDERAL OFFICER JURISDICTION**

8. Aetna asserts removal grounds on the basis of federal officer jurisdiction pursuant to 28 U.S.C. § 1442(a)(1) which authorizes removal of an action against "[a]ny officer of the United States or any agency thereof, or person acting under him, for any act under color of such office." 28 U.S.C. § 1442(a)(1). As explained by the Fourth Circuit Court of Appeals, under the federal officer removal statute, "private actors can remove a case to federal court when they show that they: (1) acted under the direction of a federal officer; (2) possess a colorable federal defense; and (3) engaged in government-directed conduct that was causally related to the plaintiff's claims." *Cnty. Bd. of Arlington Cnty., Virginia v. Express Scripts Pharmacy, Inc.*, 996 F.3d 243, 247 (4th Cir. 2021).

9. As noted by the Supreme Court, the "acting under" requirement is broad and the federal officer statute "must be liberally construed." *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 147 (2007) (internal citation omitted); *Trinity Home Dialysis, Inc. v. WellMed Networks, Inc.*, No. 22-10414, 2023 WL 2573914, at *3 (5th Cir. Mar. 20, 2023) ("We construe the 'acting under requirement broadly.'"). In order to avail itself of federal officer jurisdiction, "the private entity must be engaging in an effort to assist, or to help carry out, the duties or tasks of the federal superior." *Express Scripts*, 996 F.3d at 251. The "classic case of such assistance as it relates to government contractors is when 'the private contractor acted under a federal officer or agency because the contractors help[ed] the Government to produce an item that it need[ed].'" *Papp v. Fore-Kast Sales Co., Inc.*, 842 F.3d 805, 812 (3d Cir. 2016) (quoting *In re Commonwealth's Motion to Appoint Counsel Against or Directed to Def. Ass'n of Philadelphia*, 790 F.3d 457, 468 (3d Cir. 2015)).

10. Here, Aetna operates health plans pursuant to contracts with the Centers for

Medicare and Medicaid Services ("CMS"). Under those contracts and at CMS's direction, Aetna operates as a Medicare Advantage Organization ("MAO") and provides health benefits to certain Medicare-eligible enrollees, such as Mrs. Stevens during the relevant time period at issue. Thus, the second "acting under" prong is satisfied as Aetna acts under a federal officer for purposes of establishing jurisdiction.

11. With respect to the colorable federal defense requirement, "[c]ourts have imposed few limitations on what qualifies as a colorable federal defense." *Express Scripts*, 996 F.3d at 254. The "defense prong requires that the defendant raise a claim that is 'defensive' and 'based in federal law.'" *Id.* (quoting *Isaacson v. Dow Chem. Co.*, 517 F.3d 129, 138 (2d Cir. 2008)). To be colorable, the "defense need not be clearly sustainable, as the purpose of the statute is to secure that the validity of the defense will be tried in federal court." *Id.* Instead, the "defense must only be plausible." *Id.* Aetna asserts the colorable federal defenses of failure to exhaust administrative remedies and express preemption to Plaintiff's state law claims.

12. To meet the third prong of the federal officer statute, the "conduct charged in the Complaint need only 'relate to' the asserted official authority." *Express Scripts*, 996 F.3d at 256 (internal quotation omitted). That is, "there must be a connection or association between the act in question and the federal office." *Id.* A defendant's "theory of the case when determining whether a causal connection exists" is entitled to deference. *Isaacson*, 517 F.3d at 137; *Caver*, 845 F.3d at 1144 (noting that with respect to the "causal connection" requirement, the court must determine whether the act complained of "was taken under color of law."). The Eleventh Circuit recognizes that causal connection "hurdle erected by this requirement is quite low." *Id.* (quoting *Isaacson v. Dow Chem. Co.*, 517 F.3d 129, 137 (2d Cir. 2008)). Plaintiff's complaint is based on alleged actions taken by Aetna in connection with its duty to administer the federal Medicare Advantage

5

program, including the payment of benefits under Mrs. Stevens' MA Plan administered by Aetna.

13. As set forth below, Aetna satisfies each of the federal officer jurisdiction requirements as it: (1) acted under the direction of CMS in administering the Medicare Advantage program, (2) it possesses colorable federal defenses of exhaustion of administrative remedies and express preemption, and (3) there is a connection and association between the conduct Plaintiff complains of and Aetna's duties as an MAO organization administering the federal Medicare Advantage program on behalf of CMS. As such, federal officer removal to this Court is appropriate.

            **I.    Aetna is "Acting Under" a Federal Officer.**

14. Aetna has acted under a federal officer. Private entities are "acting under" a federal officer when involved in "an effort to *assist* or to help *carry out*, the duties or tasks of the federal superior." *Watson*, 551 U.S. at 152–53; *Sawyer v. Foster Wheeler LLC*, 860 F.3d 249, 254 (4th Cir. 2017) (holding that a private manufacturer was acting under federal officer in manufacturing under military contracts); *Bennett v. MIS Corp.*, 607 F.3d 1076, 1088 (6th Cir. 2010) (finding party acting under federal officer where, if not for the contract with the company, the government "itself would have had to perform" the task). In this instance, Aetna administered a basic governmental task—providing healthcare benefits for Medicare beneficiaries—that absent the contract between Aetna and CMS, the federal agency would be tasked to perform itself. Exhibit A, pp. 4-5. As such, Aetna assists CMS in carrying out its statutory obligations to provide Medicare benefits to beneficiaries of the federal program. *Id.*

15. Numerous courts, including the Fifth Circuit Court of Appeals, have concluded that MAOs are acting under CMS's guidance and control in administering MA plans. *Caris MPI, Inc. v UnitedHealthcare, Inc.*, 108 F.4th 340, 348 (5th Cir. 2024) ("CMS contracts with United

6

to effectuate Medicare coverage for program enrollees. In that regard, United is helping CMS carry out its duties by providing insurance coverage that CMS would have otherwise been required to provide in the absence of its contract with United."); *Trinity Home Dialysis, Inc. v. WellMed Networks, Inc.*, No. 22-10414, 2023 WL 2573914, at *4 (5th Cir. Mar. 20, 2023) (finding that an MAO's subcontractor met the "acting under" prong to establish federal officer jurisdiction in connection with its role in providing Medicare benefits to Medicare Advantage enrollees like Plaintiff); *Manorcare Potomac v. Understein*, No. 8:02-CV-1177-T-23EAJ, 2002 WL 31426705, at *1 n.1 (M.D. Fla. Oct. 16, 2002) ("Aetna sufficiently alleges . . . that [it's] obligations . . . as a provider of 'Medicare + Choice' benefits under contract with the Health Care Financing Administration of the United States Department of Health and Human Services qualifies Aetna as a 'person acting under' an agency or officer of the United States for purposes of the Federal Officer Removal Statute."); *Mann v. Reeder*, No. 1:10-CV-00133-JHM, 2010 WL 5341934, at *3 (W.D. Ky. Dec. 21, 2010) (holding that the administrator of a Medicare Advantage plan is deemed an "officer" under the statute, and may remove to federal court "claims asserted [] against [it] . . . due to [its] actions as a Medicare Advantage Plan provider."); *Einhorn v. CarePlus Health Plans, Inc.*, 43 F. Supp. 3d 1268, 1270 (S.D. Fla. 2014) (finding in favor of federal officer jurisdiction, noting that "CarePlus seeks removal under the federal officer statute because the acts the Plaintiff complains of were actions that CarePlus took while it was acting under the direction of the Centers for Medicare & Medicaid Services ("CMS"). CarePlus has a contract with CMS to administer Medicare benefits through its Medicare Advantage plans"); *Associates Rehab. Recovery, Inc. v. Humana Med. Plan, Inc.*, 76 F. Supp. 3d 1388, 1391 (S.D. Fla. 2014) (holding federal officer jurisdiction existed because "Defendant was acting on behalf of CMS when it denied the Medicare benefits at issue here.").

7

16. Aetna, as an MAO, has a contract with CMS and assists CMS in carrying out its statutory obligations to provide Medicare benefits to beneficiaries of the federal Medicare program. Exhibit A, p. 30. Simply put, as an MAO, Aetna is assisting the federal government in fulfilling 'basic governmental tasks' that 'the Government itself would have had to perform' if it had not contracted with a private firm." *Express Scripts*, 996 F.3d at 253 (quoting *Watson*, 551 U.S. at 153-54). Accordingly, Aetna has satisfied the first federal officer jurisdiction requirement as it acted under a federal officer within the meaning of 28 U.S.C. § 1442(a)(1).

## II. Aetna has colorable federal defenses to Plaintiff's claims – failure to exhaust administrative remedies and express preemption.

17. With respect to the colorable federal defense element, Aetna is not required to prove its defense at this stage of the case; instead, Aetna's federal defenses need only be plausible. *Craver*, 845 F.3d at 1145 ("The colorable federal defense need only be plausible; its ultimate validity is not to be determined at the time of removal.") (internal quotation omitted). Aetna asserts the federal defenses of exhaustion of administrative remedies and express preemption to Plaintiff's state law claims.

18. As to exhaustion of administrative remedies, the Medicare Act obligates a "Medicare claimant to exhaust administrative remedies before resort to litigation in federal court." *Manorcare Potomac v. Understein*, No. 8:02-CV-1177-T-23EAJ, 2002 WL 31426705, at *1 (M.D. Fla. Oct. 16, 2002). Until a claimant has "exhausted her administrative remedies by going through the agency appeals process, a federal district court has no subject matter jurisdiction over her lawsuit seeking to 'recover on any claim arising out of' the Medicare Act." *Cochran v. U.S. Health Care Fin. Admin.*, 291 F.3d 775, 779 (11th Cir. 2002). A claim arises under "the Medicare Act when it is inextricably intertwined with the Medicare Act or where both the standing and the substantive basis for presentation is the Medicare Act." *Bober v. Safe Guard Services, LLC*, No.

8

21-11529, 2021 WL 4817714, at *1 (11th Cir. Oct. 15, 2021) (internal quotations omitted). A claim for an alleged denial of Medicare benefits, like the one Plaintiff asserts here, is a claim that arises under the Medicare Act. *E.g., Carmona v. Medica Health Plans of Florida, Inc.*, No. 13-23020-CIV, 2014 WL 12584312, at *2 (S.D. Fla. June 5, 2014) (recognizing that a claim arising from an alleged denial of Medicare benefit "arises under" the Medicare Act and is subject to exhaustion).

19. Controlling authority provides that "Medicare beneficiaries must exhaust administrative remedies under the Medicare Act" before filing suit in federal district court. *Einhorn v. CarePlus Health Plans, Inc.*, 43 F. Supp. 3d 1329, 1332 (S.D. Fla. 2014). Mrs. Stevens failed to exhaust her administrative remedies before Plaintiff filed suit. As such, Plaintiff may not maintain an action seeking benefits as a result of the failure to administrative remedies. 42 C.F.R. § 422.612(a); *Einhorn*, 43 F.Supp 3d at 1332 (dismissing a claim involving Medicare benefits because the claimant failed to "pursue and exhaust" her administrative remedies).

20. In addition, state laws relating to Medicare Advantage plans (other than those relating to licensing or plan solvency) are expressly preempted. 42 U.S.C. § 1395w-26; 42 C.F.R. § 422.402 ("The standards established under this part supersede any State law or regulation, other than State licensing laws or State laws relating to plan solvency, with respect to the MA plans that are offered by MA organizations."). Further, Plaintiff's state law claims are preempted by the Medicare Act because the Act creates federal standards governing the standards for provision of Medicare benefits by MAOs like Aetna. *See Hepstall v. Humana Health Plan, Inc.*, No. CV 18-0163-JB- MU, 2018 WL 6588555, at *6 (S.D. Ala. Nov. 26, 2018) (concluding that "all state law claims that are based upon actions of an MAO that are regulated by CMS are preempted by the Medicare Act."); *Savio v. Wilson*, No. 2:21-CV-00480, 2021 WL 5366908, at *6 (S.D.W. Va. Oct.

19, 2021), report and recommendation adopted, No. 2:21-CV-00480, 2021 WL 5366968 (S.D.W. Va. Nov. 17, 2021) (determining that state law claims were expressly preempted and stating "[n]otwithstanding the claims of fraud, duress, larceny, etc., this action only concerns a dispute regarding Medicare benefits.").

21. Thus, Plaintiff's claims based on Aetna's alleged wrongful denial of Medicare Advantage benefits and its administration of Mrs. Stevens' MA Plan are expressly preempted by the Medicare Act. In sum, Aetna has far exceeded its low burden of asserting a colorable federal defense to Plaintiff's claims and has satisfied the second prong of federal officer jurisdiction.

### III. Aetna Life Insurance Company's conduct alleged in Plaintiff's Complaint relates to its official authority.

22. To satisfy the third and final element of the federal officer removal statute, "the conduct charged in the Complaint need only 'relate to' the asserted official authority." *Express Scripts*, 996 F.3d 256. As clarified by the Fourth Circuit, there "need be only a *connection or association* between the act in question and the federal office." *Sawyer*, 860 F.3d at 258 (internal quotations omitted) (emphasis in original).

23. While Aetna denies Plaintiff's allegations, it is clear that there is a connection or association with the acts complained of and Aetna's role as an MAO charged with the administration of the federal Medicare Advantage program. In particular, Plaintiff alleges that Aetna denied Medicare benefits that were allegedly due to Mrs. Stevens by virtue of her enrollment in the Medicare Advantage Plan administered by Aetna. Plaintiff's Complaint, pp. 4-6, ¶¶ 21, 27. As such, Aetna's conduct, performed in connection with its contractual duties owed to CMS as an MAO, forms the basis of Plaintiff's complaint and provides the requisite connection or association required to establish federal officer jurisdiction in this court. *Humana Med. Plan, Inc.*, 76 F. Supp. 3d at 1391 ("Defendant was acting on behalf of CMS when it denied the Medicare benefits at issue

here. Third, Plaintiff's claims concern Defendant's denial of payments, payments which it denied pursuant to its authority and obligations under federal law.").

24. The same is true here since Aetna is bound to administer the Medicare Advantage program in accord with its CMS-imposed duties and applicable federal regulations. Thus, Aetna meets the third prong required to establish federal officer jurisdiction in this court under 28 U.S.C § 1442(a)(1).

25. Based on the foregoing, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1442(a)(1) as Aetna is being sued for actions delegated to it by CMS and taken in connection with its administration of the federal Medicare program and Mrs. Stevens' Medicare Advantage Plan.

26. Because Aetna asserts federal officer jurisdiction as its basis for removal, consent from the other Defendants is not required. *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1034 (10th Cir. 1998) ("Federal officer removal constitutes an exception to the general removal rule under 28 U.S.C. § 1441 and § 1446 which require all defendants to join in the removal petition. The exception is set forth at 28 U.S.C. § 1442(a)(1) [and] allows a federal officer independently to remove a case to federal court even though that officer is only one of several named defendants.").

WHEREFORE, PREMISES CONSIDERED, Defendant, Aetna Life Insurance Company prays that any further proceedings in Case No. 2024-CP-4204641, filed in the Court of Common Pleas Seventh Judicial Circuit, Spartanburg County, South Carolina be discontinued and that this suit be removed to the Spartanburg Division of the South Carolina United States District Court.

DATED: February 10, 2025                    Respectfully submitted,

                                By:  */s/ Ashley R. Parr*
                                     Ashley R. Parr, Federal ID No. 12304
                                     Email: aparr@maynardnexsen.com
                                     **Maynard Nexsen, P.C.**

11

        104 South Main Street, Suite 900
        Greenville, SC 29601
        Telephone: (864) 370-2211

        -and-

        William B. Wahlheim, Jr. *(pro hac vice to be filed)*
        Email: wwahlheim@maynardnexsen.com
        **Maynard Nexsen, P.C.**
        1901 6th Avenue North, Suite 1700
        Birmingham, Alabama 35203
        Telephone: (205) 254-1000

        -and-

        Raj Aujla *(pro hac vice to be filed)*
        Email: raujla@maynardnexsen.com
        **Maynard Nexsen, P.C.**
        7373 N. Broadway St.
        Suite 403, Office 1 & 2
        San Antonio, Texas 78209
        Telephone: (512) 696-6557

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties in accordance with Rule 5(b), Federal Rules of Civil Procedure, on this 10th day of February 2025.

                */s/ Ashley R. Parr*
                Ashley R. Parr