Exhibit B

STATE OF SOUTH CAROLINA
**DEPARTMENT OF INSURANCE**
P.O. BOX 100105
COLUMBIA, S.C. 29202-3105





**CERTIFIED MAIL**

9589 0710 5270 1856 1244 66

**CERTIFIED MAIL**

## SERVICE OF PROCESS

AETNA LIFE INS CO
151 FARMINGTON AVE
ATTN: Law Department
HARTFORD, CT 06156-0000





# South Carolina
# Department of Insurance

Capitol Center
1201 Main Street, Suite 1000
Columbia, South Carolina 29201

**HENRY McMASTER**
Governor

**MICHAEL WISE**
Director

Mailing Address:
P.O. Box 100105, Columbia, S.C. 29202-3105

January 3, 2025

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
AETNA LIFE INS CO
151 FARMINGTON AVE
ATTN:  Law Department
HARTFORD, CT 06156-0000

Dear Sir:

On January 3, 2025, I accepted service of the attached Summons, Complaint, Interrogatories and Request for Production on your behalf.  I am, hereby, forwarding that accepted process on to you pursuant to the provisions of S.C. Code Ann. § 38-5-70.  By forwarding accepted process on to you, I am meeting a ministerial duty imposed upon me by S.C Code Ann. § 15-9-270.  I am not a party to this case.  The State of South Carolina Department of Insurance is not a party to this case.  It is important for you to realize that service was effected upon your insurer on my date of acceptance for service.

**You must promptly acknowledge in writing your receipt of this accepted process to hsmith@doi.sc.gov.** When replying, please refer to File Number 201814, <u>Roger  Stevens , et al. v. THI of South Carolina At Camp Care, LLC, et al.</u>, 2024-CP-42-04641.

By:

Anthony Ibarra
Associate General Counsel
(803)737-6039

Sincerely Yours,

Michael Wise
Director
State of South Carolina
Department of Insurance

Attachment

CC:      John M. Read Esq.
         101 W. Park Avenue
         Greenville, SC    29601

ELECTRONICALLY FILED - 2024 Nov 25 4:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4204641

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF SPARTANBURG<br><br>Roger Stevens, as Personal Representative of the Estate of Johnnie Stevens,<br><br>                Plaintiff,<br><br>v.<br><br>THI of South Carolina At Camp Care, LLC d/b/a Lake Emory Post Acute Care, Hunt Valley Holdings, LLC f/k/a Fundamental Long-Term Care Holdings, LLC, Lynette Hill, individually, and as representative of THI of South Carolina At Camp Care, LLC d/b/a Lake Emory Post Acute Care, and Aetna Life Insurance Company,<br><br>                Defendants. | IN THE COURT OF COMMON PLEAS<br>SEVENTH JUDICIAL CIRCUIT<br><br>Civil Action No.: 2024-CP-42-_____<br><br><br><br>**SUMMONS**<br><br>**(Jury Trial Demanded)** |

TO:    THE DEFENDANTS ABOVE-NAMED:

      You are hereby summoned and required to answer the Complaint in this action, a copy of which is attached hereto and herewith served upon you, and to serve a copy of your Answer to same upon the subscribed at Read Law Firm, LLC, 101 W. Park Ave, Greenville, South Carolina 29601 within thirty (30) days after the service of same, exclusive of the day of such service. If you fail to answer same within the thirty (30) day period, Plaintiff will apply to the Court for the relief demanded therein and judgment will be taken against you by default.

                    **READ LAW FIRM, LLC**

                    *s/ John M. Read, IV*
                    John M. Read IV, Esq.
                    101 W. Park Ave.
                    Greenville, SC 29601
                    Telephone: (864) 501-5110
                    jread@readlegal.com
                    ATTORNEY FOR PLAINTIFF

November 25, 2024

ELECTRONICALLY FILED - 2024 Nov 25 4:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4204641

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF SPARTANBURG<br><br>Roger Stevens, as Personal Representative of the Estate of Johnnie Stevens,<br><br>Plaintiff,<br><br>v.<br><br>THI of South Carolina At Camp Care, LLC d/b/a Lake Emory Post Acute Care, Hunt Valley Holdings, LLC f/k/a Fundamental Long-Term Care Holdings, LLC, and Lynette Hill, individually, and as representative of THI of South Carolina At Camp Care, LLC d/b/a Lake Emory Post Acute Care, and Aetna Life Insurance Company,<br><br>Defendants. | IN THE COURT OF COMMON PLEAS SEVENTH JUDICIAL CIRCUIT<br><br>Civil Action No.: 2024-CP-42-_____<br><br><br><br>**COMPLAINT**<br><br>**(Jury Trial Demanded)** |

COMES NOW THE PLAINTIFF, by and through the undersigned attorney, who would respectfully show unto this Court the following:

## PARTIES AND JURISDICTION

1.     Plaintiff, Johnnie Stevens was a resident of Defendants' extended care facility, THI of South Carolina at Camp Care, LLC d/b/a Lake Emory Post-Acute Care ("hereinafter referred to collectively with Defendants Hunt Valley Holdings, LLC f/k/a Fundamental Long-Term Care Holdings, LLC, and Lynette Hill, individually, and as representative of THI of South Carolina At Camp Care, LLC d/b/a Lake Emory Post Acute Care as "Defendants Lake Emory") in the City of Inman, South Carolina in Spartanburg County from on or about May 6, 2022 until her demise on May 18, 2023.

2.     Plaintiff Roger Stevens, her son, has been appointed as the Personal Representative of the Estate of Johnnie Stevens.

2

ELECTRONICALLY FILED - 2024 Nov 25 4:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4204641

3.     Upon information and belief, Defendant THI of South Carolina at Camp Care, LLC d/b/a Lake Emory Post Acute Care is incorporated in the State of Delaware, with its principal place of business located in Spartanburg County.

4.     Upon information and belief, Hunt Valley Holdings, LLC f/k/a Fundamental Long-Term Care Holdings, LLC, is incorporated in the State of Delaware and does business in Spartanburg County, State of South Carolina.

5.     Upon information and belief, Defendant Hunt Valley is an owner/operator and principal of Defendant Lake Emory and participates in the control of its operation and management, including the acts and delicts of its agents, and derives a substantial benefit from the business and activities conducted at Lake Emory.

6.     Upon information and belief, Defendant Lynette Hill, individually, and as representative of THI of South Carolina at Camp Care, LLC d/b/a Lake Emory Post Acute Care is a citizen and resident of Spartanburg County, State of South Carolina.

7.     Defendant Aetna Life Insurance Company ("Defendant Aetna") is a Connecticut corporation subject to the jurisdiction of this Court pursuant to Section 36-2-803 of the Code of Laws of South Carolina (1976) for the following reasons:

   a.    The Defendant transacted business in the State of South Carolina; and/or,

   b.    The Defendant entered into a contract with the Plaintiff that was to be performed whole or in part in the State of South Carolina.

8.     The acts and delicts referred to herein occurred at Defendant Lake Emory's facility in the County of Spartanburg, State of South Carolina.

9.     Defendants are each vicariously liable and legally responsible for the harm to Plaintiffs.

10.    This Court has jurisdiction over the parties and the subject matter of this

ELECTRONICALLY FILED - 2024 Nov 25 4:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4204641

Complaint in accordance with Article 5, Section 11 of the South Carolina Constitution, Section 14-1-80 of the *Code of Laws of South Carolina* (1976) and the common law of South Carolina. Jurisdiction and venue are proper in Spartanburg County, South Carolina because a substantial part of the events or omissions on which the claims are based occurred here and because Defendants reside in Spartanburg County. Additionally, jurisdiction and venue are proper under South Carolina's Long-Arm Statute because Plaintiff's causes of action arise in whole or in part by virtue of Defendants' transacting business in this State, Defendants' commission of a tortious act in whole or in part in this State, Defendants' causing tortious injury in this State by an act or omission outside this State, and by virtue of Defendants' entry into contracts to be performed in whole or in part by either party in this State.

### **FACTUAL ALLEGATIONS**

11.    All above paragraphs are realleged as if set forth fully herein.

12.    At all times relevant herein, Defendants acted by and through their duly authorized and appointed agents and/or employees, who acted within the scope and authority of their employment and/or agency.

13.    In or around sometime before April 2022, Mrs. Johnnie Stevens, now deceased, applied for medical insurance coverage with Defendant Aetna, for which she paid all applicable fees, costs and premiums.

14.    Defendant Aetna accepted Mrs. Stevens' application and issued her a policy with member number 101308565700 in accordance with the agreement and understanding of the parties.

15.    In April 2022, Mrs. Stevens was 81 years of age.

16.    She was admitted to a hospital in Spartanburg County, South Carolina in April 2022 with a severe infection for which she received treatment for approximately two weeks.

4

ELECTRONICALLY FILED - 2024 Nov 25 4:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4204641

17.     During that time, she suffered from confusion, hallucinations, and cognitive impairment.

18.     On or about May 6, 2022, Mrs. Stevens was discharged directly to Lake Emory for the purpose of rehabilitation and to continue the management of the antibiotics that she continued to receive intravenously for approximately 6 weeks.

19.     Upon information and belief, at the time that Mrs. Stevens was admitted to Defendants Lake Emory's facility and at all times relevant hereto, Defendants Lake Emory were contractually obligated to provide care for her and to invoice her insurance company, Defendant Aetna, for the services provided in pursuit of said care.

20.     Her cognitive abilities continued to decline dramatically after her admission.

21.     Pursuant to the terms of its above-referenced policy with Mrs. Stevens, Defendant Aetna was obligated to pay for 100 days of care for Mrs. Stevens at Defendants' Lake Emory's facility.

22.     Defendant Aetna provided Defendants Lake Emory with a "waiver of further coverage" form to be executed by Mrs. Stevens, the purpose of which was to have her waive her right to have Aetna pay for her care and to obligate her to pay for her care directly from her personal funds.

23.     Mrs. Stevens was not legally competent to understand the terms of the waiver.

24.     Defendants knew or should have known of Mrs. Stevens' infirmity and the fact that she lacked the capacity to sign the referenced form.

25.     Defendants conspired to procure her signature through misrepresentations that waiving further coverage would be to her benefit.

ELECTRONICALLY FILED - 2024 Nov 25 4:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4204641

26.     On or about June 2, 2022, Defendants Lake Emory and Lynette Hill procured Mrs. Stevens' signature on the referenced waiver form that purported to relieve the obligation of Defendant Aetna to pay for her stay at the facility.

27.     After approximately 30 days, Defendant Aetna, in violation of its obligations to Mrs. Stevens under the policy, refused to pay for any additional care.

28.     Defendants Aetna and Lake Emory have profited from Mrs. Stevens' purported waiver.

### FOR A FIRST CAUSE OF ACTION
**As to all Defendants**
**(Fraud in the Inducement)**

29.     Plaintiff realleges all above paragraphs, to the extent not inconsistent herewith, as if each is set forth *in toto* hereunder.

30.     Defendants made false representations to Plaintiff relating to a present or preexisting fact regarding the signing of the referenced waiver, the impact upon insurance coverage, and the harm posed thereby to Plaintiff.

31.     These representations were material.

32.     Defendants either knew the representations were false or made such representations with a reckless disregard of their truth or falsity.

33.     Defendants intended Plaintiff to act upon Defendants' representations.

34.     Plaintiff was ignorant of the falsity of Defendant's representations.

35.     Plaintiff relied upon the truth of Defendants' representations.

36.     Plaintiff had a right to rely upon the truth of Defendants' representations.

37.     As a direct and proximate result, Plaintiff was damaged, thereby entitling Plaintiff to actual and punitive damages hereunder in an amount to be determined by the Court and the citizens of Spartanburg County empaneled and empowered to hear such cause.

ELECTRONICALLY FILED - 2024 Nov 25 4:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4204041

## FOR A SECOND CAUSE OF ACTION
### As to all Defendants
### (Fraud)

38.     Plaintiff realleges all above paragraphs, to the extent not inconsistent herewith, as if each is set forth *in toto* hereunder.

39.     Defendants represented to Plaintiff that the care provided for her at the Lake Emory facility was covered by insurance. Defendants then acted as set forth above, both separately and in concert, to circumvent their respective obligations by having her sign the referenced waiver while she was incompetent.

40.     Defendants further represented that the waiver she was asked to sign was to her benefit.

41.     These representations were false.

42.     These representations were material.

43.     Defendants either knew the representations were false or made such representations with a reckless disregard of their truth or falsity.

44.     Defendants intended Plaintiff to act upon Defendants' representations.

45.     Plaintiff was ignorant of falsity of Defendants' representations.

46.     Plaintiff relied upon the truth of Defendants' representations.

47.     Plaintiff had a right to rely upon the truth of Defendants' representations.

48.     As a direct and proximate result of all of the above referenced acts, Plaintiff has been damaged, thereby entitling Plaintiff to actual and punitive damages hereunder in an amount to be determined by the Court and the citizens of Spartanburg, County empaneled and empowered to hear such cause.

ELECTRONICALLY FILED - 2024 Nov 25 4:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4204641

## FOR A THIRD CAUSE OF ACTION
### As to Defendants Lake Emory
### (Breach of Contract)

49.    Plaintiff realleges all above paragraphs, to the extent not inconsistent herewith, as if each is set forth *in toto* hereunder.

50.    Defendants Lake Emory contracted with Plaintiff to deliver healthcare services in return for payment which would be paid by insurance to the extent that coverage applied.

51.    Plaintiff fully performed her obligations by securing insurance coverage that was available for payment.

52.    Defendants Lake Emory materially and substantially breached the contract because they attempted to negate the application of insurance coverage for her care as described above.

53.    As a direct and proximate result, Plaintiff has been damaged as set forth fully hereunder, thereby entitling Plaintiff to actual damages in an amount to be determined by the Court and the citizens of Spartanburg County empaneled and empowered to hear such cause.

## FOR A FOURTH CAUSE OF ACTION
### As to Defendant Aetna
### (Breach of Contract)

54.    Plaintiff realleges all above paragraphs, to the extent not inconsistent herewith, as if each is set forth *in toto* hereunder.

55.    Defendant Aetna contracted with Plaintiff to provide healthcare insurance for expenses incurred by Plaintiff.

56.    Plaintiff fully performed her obligations under the contract.

57.    Defendant Aetna materially and substantially breached the contract by failing to pay Plaintiff's medical expenses and by attempting to negate the application of insurance coverage for her care as described above.

8

ELECTRONICALLY FILED - 2024 Nov 25 4:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4204641

58.     As a direct and proximate result, Plaintiff has been damaged as set forth fully hereunder, thereby entitling Plaintiff to actual and punitive damages in an amount to be determined by the Court and the citizens of Spartanburg County empaneled and empowered to hear such cause.

## FOR A FIFTH CAUSE OF ACTION
### As to Defendants Lake Emory
### (Breach of Contract Accompanied by a Fraudulent Act)

59.     Plaintiff realleges all above paragraphs, to the extent not inconsistent herewith, as if each is set forth *in toto* hereunder.

60.     Defendants Lake Emory breached the described contract with Plaintiff.

61.     Defendants Lake Emory had a fraudulent intent relating to the breaching of the contract and not merely to its making.

62.     Defendants Lake Emory's breach was accompanied by a fraudulent act, which can be characterized by dishonesty in fact, unfair dealing and/or the unlawful appropriation of Plaintiff's property by design.

63.     As a direct and proximate result, Plaintiff has been damaged as set forth fully hereunder, thereby entitling Plaintiff to actual and punitive damages in an amount to be determined by the Court and the citizens of Spartanburg County empaneled and empowered to hear such cause.

## FOR A SIXTH CAUSE OF ACTION
### As to Defendant Aetna
### (Breach of Contract Accompanied by a Fraudulent Act)

64.     Plaintiff realleges all above paragraphs, to the extent not inconsistent herewith, as if each is set forth *in toto* hereunder.

65.     Defendant Aetna breached the described isnurance contract with Plaintiff.

66.     Defendant Aetna had a fraudulent intent relating to the breaching of the contract

ELECTRONICALLY FILED - 2024 Nov 25 4:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4204641

and not merely to its making.

67.     Defendant Aetna's breach was accompanied by a fraudulent act, which can be characterized by dishonesty in fact, unfair dealing and/or the unlawful appropriation of Plaintiff's property by design.

68.     As a direct and proximate result, Plaintiff has been damaged as set forth fully hereunder, thereby entitling Plaintiff to actual and punitive damages in an amount to be determined by the Court and the citizens of Spartanburg County empaneled and empowered to hear such cause.

### FOR A SEVENTH CAUSE OF ACTION
### As to Defendants Lake Emory
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

69.     Plaintiff realleges all above paragraphs, to the extent not inconsistent herewith, as if each is set forth *in toto* hereunder.

70.     There is an implied covenant of Good Faith and Fair Dealing in all contracts entered into or to be performed in the State of South Carolina.

71.     Defendants Lake Emory's actions as alleged herein were unreasonable, willful, reckless, and unjustified, and amount to a breach of the implied In-Law duty of Good Faith and Fair Dealing inherent in all contracts.

72.     As a direct and proximate result, Plaintiff has been damaged as set forth fully hereunder, thereby entitling Plaintiff to actual and punitive damages in an amount to be determined by the Court and the citizens of Spartanburg County empaneled and empowered to hear such cause.

ELECTRONICALLY FILED - 2024 Nov 25 4:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4204641

## FOR AN EIGHTH CAUSE OF ACTION
### As to Defendant Aetna
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

73.     Plaintiff realleges all above paragraphs, to the extent not inconsistent herewith, as if each is set forth *in toto* hereunder.

74.     There is an implied covenant of Good Faith and Fair Dealing in all contracts entered into or to be performed in the State of South Carolina.

75.     Defendant Aetna's actions as alleged herein were unreasonable, willful, reckless, and unjustified, and amount to a breach of the implied In-Law duty of Good Faith and Fair Dealing inherent in all contracts.

76.     As a direct and proximate result, Plaintiff has been damaged as set forth fully hereunder, thereby entitling Plaintiff to actual and punitive damages in an amount to be determined by the Court and the citizens of Spartanburg County empaneled and empowered to hear such cause.

## FOR A NINTH CAUSE OF ACTION
### As to all Defendants
### (Negligent Misrepresentation)

77.     Plaintiff realleges all above paragraphs, to the extent not inconsistent herewith, as if each is set forth *in toto* hereunder.

78.     By and through their duly acting and appointed agents, Defendants made false representations to Plaintiff regarding insurance coverage, personal responsibility for payment, and the consequences of signing the referenced waiver.

79.     Defendants had pecuniary interest in making the statements.

80.     Defendants owed a duty of care to see that they communicated truthful information to Plaintiff.

ELECTRONICALLY FILED - 2024 Nov 25 4:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4204641

81.    Defendants breached that duty by failing to exercise due care.

82.    Plaintiff justifiably relied on Defendants' representations.

83.    Plaintiff suffered pecuniary loss as proximate result of her reliance upon those representations.

84.    As a direct and proximate result, Plaintiff was damaged, thereby entitling Plaintiff to actual and punitive damages hereunder in an amount to be determined by the Court and the citizens of Spartanburg County empaneled and empowered to hear such cause.

### FOR A TENTH CAUSE OF ACTION
#### As to Defendant Aetna
#### (Civil Conspiracy)

85.    Plaintiff realleges all above paragraphs, to the extent not inconsistent herewith, as if each is set forth *in toto* hereunder.

86.    Plaintiff had a contract of insurance with Defendant Aetna for healthcare expenses incurred by Plaintiff.

87.    Plaintiff made a claim for payment under this insurance policy.

88.    Defendant Aetna wrongfully denied payment of Plaintiff's claim.

89.    Defendants wrongfully induced Plaintiff to sign the referenced waiver to relieve Defendant Aetna of its obligation to pay.

90.    Defendant Aetna's denial of Plaintiff Steven's claim, both directly and, by virtue of the referenced waiver, were without reasonable cause and/or made in bad faith.

91.    As a direct and proximate result, Plaintiff was damaged, thereby entitling Plaintiff to actual and punitive damages hereunder in an amount to be determined by the Court and the citizens of Spartanburg County empaneled and empowered to hear such cause.

ELECTRONICALLY FILED - 2024 Nov 25 4:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4204641

## FOR AN ELEVENTH CAUSE OF ACTION
### As to all Defendants
### (Civil Conspiracy)

92.     Plaintiff realleges all above paragraphs, to the extent not inconsistent herewith, as if each is set forth *in toto* hereunder.

93.     Defendants, individually, and by and through the respective entities for which these defendants were agents, employees, owners, members, shareholders, managers, officers, or directors, combined together for the purpose of injuring Plaintiff.

94.     As a direct and proximate result, Plaintiff was specially injured thereby.

95.     As a direct and proximate result, Plaintiff was damaged, thereby entitling Plaintiff to actual and punitive damages hereunder in an amount to be determined by the Court and the citizens of Spartanburg County empaneled and empowered to hear such cause.

## FOR A TWELFTH CAUSE OF ACTION
### As to Defendants Lake Emory
### (Negligence)

96.     Plaintiff realleges all above paragraphs, to the extent not inconsistent herewith, as if each is set forth *in toto* hereunder.

97.     Defendants Lake Emory owed a duty to Plaintiff to ensure that Plaintiff did not sign documents while lacking the competency or capacity to do so and to conduct their business with honesty and integrity.

98.     By and through their duly acting and appointed agents, Defendants Lake Emory negligently, recklessly, willfully and wantonly breached their duty to Plaintiff in one or more of the following particulars:

    a.     failing to properly train their employees;

    b.     failing to properly supervise their employees;

ELECTRONICALLY FILED - 2024 Nov 25 4:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4204641

c.    training and/or encouraging their employees and/or the employees of other defendants to commit fraud;

d.    failing to recognize that Plaintiff lacked capacity or competency to execute the referenced waiver;

e.    preparing, generating and executing documents which Defendants knew or should have known contained terms which harmed Plaintiff; and,

f.    ratifying documents which Defendants knew or should have known contained false information and/or were based upon false representations.

99.    As a direct and proximate result, Plaintiff was damaged, thereby entitling Plaintiff to actual and punitive damages hereunder in an amount to be determined by the Court and the citizens of Spartanburg County empaneled and empowered to hear such cause.

## FOR A THIRTEENTH CAUSE OF ACTION
### As to Defendant Aetna
### (Promissory Estoppel)

100.    Plaintiff realleges all above paragraphs, to the extent not inconsistent herewith, as if each is set forth *in toto* hereunder.

101.    Defendant Aetna unambiguously promised to pay the applicable expenses at Lake Emory both through its insurance contract with Plaintiff and through its pre-approval/pre-certification of Plaintiff's care.

102.    Plaintiff reasonably relied upon this promise by Defendant.

103.    Plaintiff's reliance was expected, intended and/or foreseeable by Defendant Aetna.

104.    As a direct and proximate result, Plaintiff was damaged, thereby entitling Plaintiff to actual and punitive damages hereunder in an amount to be determined by the Court and the citizens of Spartanburg County empaneled and empowered to hear such cause.

ELECTRONICALLY FILED - 2024 Nov 25 4:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4204641

## FOR A FOURTEENTH CAUSE OF ACTION
### As to Defendants Lake Emory
### (Promissory Estoppel)

105.    Plaintiff realleges all above paragraphs, to the extent not inconsistent herewith, as if each is set forth *in toto* hereunder.

106.    Defendants Lake Emory unambiguously promised to submit all covered medical expenses incurred by Plaintiff at Lake Emory to Plaintiff's insurance company and secure payment therefrom.

107.    Plaintiff reasonably relied upon this promise by Defendant Lake Emory.

108.    Plaintiff's reliance was expected, intended and/or foreseeable by Defendants Lake Emory.

109.    As a direct and proximate result, Plaintiff has been damaged as set forth fully hereunder, thereby entitling Plaintiff to actual and punitive damages in an amount to be determined by the Court and the citizens of Spartanburg County empaneled and empowered to hear such cause.

## FOR A FIFTEENTH CAUSE OF ACTION
### As to all Defendants
### (Unjust Enrichment)

110.    Plaintiff realleges all above paragraphs, to the extent not inconsistent herewith, as if each is set forth *in toto* hereunder.

111.    Plaintiff conferred a non-gratuitous benefit upon Defendants.

112.    It would be unjust, unfair and inequitable for these defendants to retain this benefit.

113.    As a direct and proximate result, Plaintiff was damaged, thereby entitling Plaintiff to actual and punitive damages hereunder in an amount to be determined by the Court and the citizens of Spartanburg County empaneled and empowered to hear such cause.

ELECTRONICALLY FILED - 2024 Nov 25 4:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4204041

## FOR A SIXTEENTH CAUSE OF ACTION
### As to All Defendants
### (Unfair Trade Practice)

114.     Plaintiff realleges all above paragraphs, to the extent not inconsistent herewith, as if each is set forth *in toto* hereunder.

115.     Individually, and by and through their duly acting and appointed agents, the actions and/or omissions by Defendants constitute unfair and/or deceptive trade practices in the conduct of trade/commerce, which are unlawful in the State of South Carolina, as set forth by the Code of Law of South Carolina (1976), § 39-5-20, et seq.

116.     The actions of Defendants affect the public interest because they are capable of repetition in the deceiving and defrauding of other consumers of the public.

117.     The actions of the Defendants are willful, within the definition and meaning of § 39-5-140 (S.C. Code, 1976), entitling Plaintiff to treble her actual damages, plus attorney's fees hereunder in an amount to be determined by the Court and the citizens of Spartanburg County empaneled and empowered to hear such cause.

**WHEREFORE**, Plaintiff prays for judgment against Defendants, jointly and severally, for actual damages, doubled or trebled as permitted under the various statutory claims, plus attorney's fees, and punitive damages, all in an amount to be determined by the Court and the citizens of Spartanburg County empaneled and empowered to hear such cause. Plaintiff further requests a jury trial, the costs of this action and any other relief the Court deems fair and just under the circumstances.

~signature page follows~

ELECTRONICALLY FILED - 2024 Nov 25 4:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4204641

**READ LAW FIRM, LLC**

*s/ John M. Read, IV*
John M. Read IV, Esq.
101 W. Park Ave.
Greenville, SC 29601
(864) 501-5110
jread@readlegal.com
ATTORNEY FOR PLAINTIFF

November 25, 2024

| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
|---|---|
| COUNTY OF SPARTANBURG | SEVENTH JUDICIAL CIRCUIT |
| | Civil Action No.: 2024-CP-42-4641 |
| Roger Stevens, as Personal Representative of the Estate of Johnnie Stevens, | |
| Plaintiff, | |
| v. | |
| THI of South Carolina At Camp Care, LLC d/b/a Lake Emory Post Acute Care, Hunt Valley Holdings, LLC f/k/a Fundamental Long-Term Care Holdings, LLC, Lynette Hill, individually, and as representative of THI of South Carolina At Camp Care, LLC d/b/a Lake Emory Post Acute Care, and Aetna Life Insurance Company, | **PLAINTIFFS INTERROGATORIES TO DEFENDANTS** |
| Defendants. | |

TO:    DEFENDANTS ABOVE NAMED:

**YOU WILL PLEASE TAKE NOTICE** that you are hereby required to answer in writing the following Interrogatories pursuant to Rule 33 of the *South Carolina Rules of Civil Procedure*.

The following Interrogatories shall be deemed to continue from the time of service until the time of the trial of the case so that information sought which comes to the knowledge of said party, its representative or attorney, after Answers to Interrogatories have been submitted, shall be transmitted to the undersigned.

## DEFINITIONS

1. "Document" shall include, without limitation:

    a. Any memorandum, request envelope, correspondence, electronic mail, report, note, Post-It, message, telephone message, telephone log, diary, journal, appointment calendar, calendar, group scheduler calendar, drawing, painting,

1

accounting paper, minutes, working paper, financial report, accounting report, work papers, drafts, facsimile, facsimile transmission, report, contract, invoice, record of purchase or sale, teletype message, chart, graph, index, directory, computer directory, computer disk, computer tape, or any other written, printed, typed, punched, taped, filmed, computer disk, computer tape, or any other written, printed, typed, punched, taped, filmed, or graphic matter however produced or reproduced. Documents also include the *file,* folder tabs, and labels appended to or containing any documents. Every copy of such writing or record where the original is not in the possession, custody or control of the Defendant and every copy of such writing or record where such copy is not an identical copy of the original, or where such copy contains any commentary or notation whatsoever which does not appear on the original.

b.  Electronic Data. When used in this request, the term "electronic data" means the original native file (or identical duplicate when the original is not available), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. Electronic data includes—by way of example only—computer programs (whether private, commercial or work in-progress), programming notes or instructions, activity listings of electronic mail receipts and/or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files (including descriptive information regarding tables, fields and values), charts, graphs and outlines, electronic mail, operating systems, source code of all types, peripheral drivers, batch files, ASCII files, and any and all miscellaneous files and/or file fragments, regardless of the media on which they reside and regardless of whether said electronic data consists in an active file, deleted file or file fragment. Electronic data includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROMs, DVDs, removable media such as Zip disks, thumb drives, digital memory cards and their equivalent, magnetic tapes of all types, on or in any other vehicle for digital data storage and/or transmittal, The term electronic data also includes the file, folder tabs and/or containers and labels appended to, or associated with, any physical storage device associated with each original and/or copy.

c.  Electronic Media. When used in this request, the term "Electronic media" means any magnetic or other storage media device used to record electronic data. Electronic media devices may include, but are not limited to, computer memories, hard disks, floppy disks, CD-ROM, DVI), removable media such as magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, or on or in any other vehicle for digital data storage and/or transmittal.

2.  "PERSON" shall mean an individual, corporation, partnership, proprietorship, association, organization, governmental entity, or group of persons.

3.  "IDENTIFY" shall mean:

a. When used in reference to an individual, it means to state the person's (1) full name; (2) present business address, or, if unavailable, last known business address; (3) present home address, or, if unavailable, last known home address; (4) business or governmental affiliation and job title, or, if unavailable, last known business or governmental affiliation and job title: and (5) a telephone number at which he can be reached.

b. When used in reference to any person other than an individual, it means to state the person's (1) full name and d/b/a, if any; and (2) present address or, if unavailable, last known address.

c. When used in reference to corporate entities, it means to state the corporate name, and date and place of incorporation, and all of its present business addresses.

d. When used in reference to a document, electronic data, or electronic media, it means to state the type of document, electronic data or electronic media (e.g., letter, memorandum, telegram, chart, photograph, e-mail, hard drive, etc.), its author and originator, its present location and custodian, the topics dealt with therein, with such reasonable particularity as is sufficient for a specific demand for production, and any identifying marks, numerals, code words or letters distinguishing it from other like materials. If any such document, electronic data or electronic media was, but no longer is in your possession, custody, or control, or in existence, state whether (1) it is missing or lost; (2) it has been destroyed; (3) it has been transferred, voluntarily or involuntarily, to others; or, (4) it has been disposed of otherwise. In each instance, explain the circumstances surrounding such disposition and identify the person(s) directing or authorizing same, and the date(s) thereof. Identify each document by listing its author, his or her address, type, date, subject matter, present location(s) and custodian(s), and state whether the document, electronic data or electronic media (or a copy) is still in existence.

4. "PLAINTIFF" shall refer to Plaintiff Estate of Johnnie G. Stevens and, where applicable, its agents, attorneys and representatives.

5. "DEFENDANT" or "DEFENDANTS", "YOU" and "YOUR" shall mean the Defendant or Defendants to whom the Interrogatories are directed and, where applicable, its agents, attorneys and representatives.

6. "COMMUNICATIONS" shall mean any statement made by one person to another, or in the presence of another, or any DOCUMENT, ELECTRONIC DATA, OR ELECTRONIC MEDIA delivered or sent from one person to another.

## INSTRUCTIONS

1. When a discovery request does not specifically request a particular fact, but such a fact is necessary in order to make the answer to the discovery request comprehensible,

complete, or not misleading, you are to include such fact as part of the answer and the discovery request shall be deemed specifically to request such fact.

2.  When, after a reasonable investigation using due diligence, you are unable to answer any discovery request or any part thereof because of lack of information available to you, specify in detail the type of information which you claim is not available, the reason the information is not available to you, and what you have done to locate such information. In addition, specify what knowledge or belief you have concerning the unanswered portion of the discovery request, set forth the facts upon which such knowledge or belief is based, and identify the person who has or is likely to have the information which you claim is not available.

3.  When a discovery request asks for specific information (e.g., a date), identify the information precisely if known. If the precise date or other specific information is unknown to you or your agents, you are to give your best approximation of the information requested, provided that you indicate in your response that the information being provided is an approximation and is incomplete in certain specific respects. Also, identify any person who may be able to provide the exact or complete information requested.

4.  If you claim a privilege as to any document then with respect to each item, set forth the following:

    a. Who possesses the document;
    b. Who has seen or listened to that document;
    c. The author, recipient, custodian and any copyholder of the document;
    d. The parties to the conversation, if it is a recording or transcript;
    e. Who prepared the document;
    f. The date of the document;
    g. The type of document; and
    h. The type of privilege asserted.

## INTERROGATORIES

1. Identify all persons known to the parties or counsel to be witnesses concerning the facts of the case and indicate whether or not written or recorded statements have been taken from the witnesses and indicate who has possession of such statements.

2. Identify all written or recorded statements or affidavits from persons who have knowledge of any facts relating to this action.

4

3.    Identify all documents, or things of any kind whatsoever relating to the subject matter of this lawsuit, including but not limited to, the claims, allegations or defenses asserted by any party.

4.    Identify any and all expert witnesses you propose to use as a witness at the trial of the case. In doing so please provide:

      a.    A complete copy of the most current curriculum vitae of each expert or a detailed summary of his qualifications to testify on each identified subject;

      b.    A complete statement of all opinions to be expressed and the basis and reasons therefore;

      c.    The data and other information considered by the expert in forming the opinions;

      d.    Any exhibits used as a summary of or support for the opinions;

      e.    Citations of any treatises, texts, or other authorities upon which each expert especially relied;

      f.    Whether any expert has conducted any investigation, inspection, examination and/or testing in connection with the issues involved in this suit and if so, the nature of such investigation, inspection, examination and/or testing, the results of same and the dates on which such work was performed; and

      g.    The caption, jurisdiction and year of filing of any suit in which each expert has given court or deposition testimony; and

      h.    A list of all correspondence between the expert and defense counsel.

5.    Set forth the facts supporting every affirmative defense alleged by you in the Answer, identify the witnesses having knowledge of those facts, and identify and produce the documents related to or supporting those facts.

6.    For each person known to the parties or counsel to possess knowledge of any facts pertaining to this matter, set forth either a summary sufficient to inform the other party of all important facts known to be observed by such witness, or provide a copy of any written or recorded statements taken from such witnesses.

7.    If you allege that any other party to this litigation other than you should be held liable, in whole or in part, to the Plaintiff or any other party to this litigation, identify the parties and, without referring to legal conclusions, set forth each and every fact and identify all documents upon which you base your allegations.

8.    Set forth the names and addresses of all insurance companies which have liability insurance coverage relating to the claim and set forth the number or numbers of policies involved and the amount or amounts of coverage provided in each policy.


**READ LAW FIRM, LLC**

*s/ John M. Read, IV*
John M. Read, IV
SC Bar No. 12569
101 West Park Avenue
Greenville, SC  29601
(864) 501-5110
Attorney for Plaintiffs

December 2, 2024
Greenville, South Carolina

6

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS SEVENTH JUDICIAL CIRCUIT |
| COUNTY OF SPARTANBURG | |
| | Civil Action No.: 2024-CP-42-4641 |
| Roger Stevens, as Personal Representative of the Estate of Johnnie Stevens, | |
| Plaintiff, | |
| v. | |
| THI of South Carolina At Camp Care, LLC d/b/a Lake Emory Post Acute Care, Hunt Valley Holdings, LLC f/k/a Fundamental Long-Term Care Holdings, LLC, Lynette Hill, individually, and as representative of THI of South Carolina At Camp Care, LLC d/b/a Lake Emory Post Acute Care, and Aetna Life Insurance Company, | **PLAINTIFFS REQUESTS FOR PRODUCTION TO DEFENDANTS** |
| Defendants. | |

TO:    DEFENDANTS ABOVE NAMED:

**YOU WILL PLEASE TAKE NOTICE** that Pursuant to Rule 34 of the South Carolina Rules of Civil Procedure, Plaintiffs serve the following Requests for Production of Documents upon the above-identified Defendant. Plaintiffs request production of the following documents and things within thirty (30) days from the date of service of this request(s). Documents and things responsive to the request(s) should be produced for inspection and copying at 101 West Park Avenue, Greenville, SC 29601.

The following Requests for Production shall be deemed to continue from the time of service until the time of the trial of the case so that information sought which comes to the knowledge of said party, its representative or attorney, after Responses to Requests for Production have been submitted, shall be transmitted to the undersigned.

1

## DEFINITIONS

1.  "Document" shall include, without limitation:

   a.  Any memorandum, request envelope, correspondence, electronic mail, report, note, Post-It, message, telephone message, telephone log, diary, journal, appointment calendar, calendar, group scheduler calendar, drawing, painting, accounting paper, minutes, working paper, financial report, accounting report, work papers, drafts, facsimile, facsimile transmission, report, contract, invoice, record of purchase or sale, teletype message, chart, graph, index, directory, computer directory, computer disk, computer tape, or any other written, printed, typed, punched, taped, filmed, computer disk, computer tape, or any other written, printed, typed, punched, taped, filmed, or graphic matter however produced or reproduced. Documents also include the *file,* folder tabs, and labels appended to or containing any documents. Every copy of such writing or record where the original is not in the possession, custody or control of the Plaintiff and every copy of such writing or record where such copy is not an identical copy of the original, or where such copy contains any commentary or notation whatsoever which does not appear on the original.

   b.  Electronic Data. When used in this request, the term "electronic data" means the original native file (or identical duplicate when the original is not available), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. Electronic data includes—by way of example only—computer programs (whether private, commercial or work in-progress), programming notes or instructions, activity listings of electronic mail receipts and/or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files (including descriptive information regarding tables, fields and values), charts, graphs and outlines, electronic mail, operating systems, source code of all types, peripheral drivers, batch files, ASCII files, and any and all miscellaneous files and/or file fragments, regardless of the media on which they reside and regardless of whether said electronic data consists in an active file, deleted file or file fragment. Electronic data includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROMs, DVDs, removable media such as Zip disks, thumb drives, digital memory cards and their equivalent, magnetic tapes of all types, on or in any other vehicle for digital data storage and/or transmittal, The term electronic data also includes the file, folder tabs and/or containers and labels appended to, or associated with, any physical storage device associated with each original and/or copy.

   c.  Electronic Media. When used in this request, the term "Electronic media" means any magnetic or other storage media device used to record electronic data. Electronic media devices may include, but are not limited to, computer memories, hard disks, floppy disks, CD-ROM, DVI), removable media such as magnetic

2

tapes of all types, microfiche, punched cards, punched tape, computer chips, or on or in any other vehicle for digital data storage and/or transmittal.

2. "PERSON" shall mean an individual, corporation, partnership, proprietorship, association, organization, governmental entity, or group of persons.

3. "IDENTIFY" shall mean:

    a. When used in reference to an individual, it means to state the person's (1) full name; (2) present business address, or, if unavailable, last known business address; (3) present home address, or, if unavailable, last known home address; (4) business or governmental affiliation and job title, or, if unavailable, last known business or governmental affiliation and job title: and (5) a telephone number at which he can be reached.

    b. When used in reference to any person other than an individual, it means to state the person's (1) full name and d/b/a, if any; and (2) present address or, if unavailable, last known address.

    c. When used in reference to corporate entities, it means to state the corporate name, and date and place of incorporation, and all of its present business addresses.

    d. When used in reference to a document, electronic data, or electronic media, it means to state the type of document, electronic data or electronic media (e.g., letter, memorandum, telegram, chart, photograph, e-mail, hard drive, etc.), its author and originator, its present location and custodian, the topics dealt with therein, with such reasonable particularity as is sufficient for a specific demand for production, and any identifying marks, numerals, code words or letters distinguishing it from other like materials. If any such document, electronic data or electronic media was, but no longer is in your possession, custody, or control, or in existence, state whether (1) it is missing or lost; (2) it has been destroyed; (3) it has been transferred, voluntarily or involuntarily, to others; or, (4) it has been disposed of otherwise. In each instance, explain the circumstances surrounding such disposition and identify the person(s) directing or authorizing same, and the date(s) thereof. Identify each document by listing its author, his or her address, type, date, subject matter, present location(s) and custodian(s), and state whether the document, electronic data or electronic media (or a copy) is still in existence.

4. "PLAINTIFF" shall refer to Plaintiff Estate of Johnnie G. Stevens and, where applicable, its agents, attorneys and representatives.

5. "DEFENDANT" or "DEFENDANTS", "YOU" and "YOUR" shall mean the Defendant or Defendants to whom the Interrogatories are directed and, where applicable, its agents, attorneys and representatives.

6. "COMMUNICATIONS" shall mean any statement made by one person to another, or in the presence of another, or any DOCUMENT, ELECTRONIC DATA, OR ELECTRONIC MEDIA delivered or sent from one person to another.

## INSTRUCTIONS

1. When a discovery request does not specifically request a particular fact, but such a fact is necessary in order to make the answer to the discovery request comprehensible, complete, or not misleading, you are to include such fact as part of the answer and the discovery request shall be deemed specifically to request such fact.

2. When, after a reasonable investigation using due diligence, you are unable to answer any discovery request or any part thereof because of lack of information available to you, specify in detail the type of information which you claim is not available, the reason the information is not available to you, and what you have done to locate such information. In addition, specify what knowledge or belief you have concerning the unanswered portion of the discovery request, set forth the facts upon which such knowledge or belief is based, and identify the person who has or is likely to have the information which you claim is not available.

3. When a discovery request asks for specific information (e.g., a date), identify the information precisely if known. If the precise date or other specific information is unknown to you or your agents, you are to give your best approximation of the information requested, provided that you indicate in your response that the information being provided is an approximation and is incomplete in certain specific respects. Also, identify any person who may be able to provide the exact or complete information requested.

4. If you claim a privilege as to any document then with respect to each item, set forth the following:

   a. Who possesses the document;
   b. Who has seen or listened to that document;
   c. The author, recipient, custodian and any copyholder of the document;
   d. The parties to the conversation, if it is a recording or transcript;
   e. Who prepared the document;
   f. The date of the document;
   g. The type of document; and
   h. The type of privilege asserted.

## REQUESTS FOR PRODUCTION

1. All written or recorded statements or affidavits from persons having knowledge of facts relating to this action.

4

2.      All documents, or things of any kind whatsoever relating to the subject matter of this lawsuit, including but not limited to, the claims or allegations of any party.

3.      All documents Defendants intend to introduce into evidence at the trial of this action or use to question any witness at trial or during any deposition.

4.      Any other documents which are identified in or referred to in preparation of your answers to these Discovery Requests.

5.      All documents received in response to subpoenas issued in connection with the instant action.

6.      All documents sent by, to, or from Defendant concerning the subject matter of this lawsuit, including but not limited to electronic mail.

7.      All records relating to the deceased's health insurance, including but not limited to:

    a.  Complete copy of the policy, benefit plan, outline of coverage, application for assistance or likewise, claim submissions, approvals, denials, appeals, disputes, account ledgers, and waivers of insurance coverage;
    b.  Complete copy of all financial or accounting records reflecting monies owed or payments made on behalf of the deceased by and to you;
    c.  Complete copy of all bills, account ledgers, correspondence, and records related to invoices, paid or unpaid;
    d.  Complete copy of all administrative records and documents to or from Aetna and Defendant.

8.      All insurance policies that are either owned by or cover the Defendant.

     Please ensure that you have answered all requests with attention to the definitions set forth above. Please note that contained within the definition of "documents" are electronic documents such as text messages, email, etc. Answers which fail to include the electronic documents will be deemed deficient.

**READ LAW FIRM, LLC**

*s/ John M. Read, IV*
John M. Read, IV
SC Bar No. 12569
101 West Park Avenue
Greenville, SC 29601
(864) 501-5110
Attorney for Plaintiff

December 2, 2024
Greenville, South Carolina

6