Exhibit C

ELECTRONICALLY FILED - 2024 Nov 25 4:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4204641

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF SPARTANBURG<br><br>Roger Stevens, as Personal Representative of the Estate of Johnnie Stevens,<br><br><div align=center>Plaintiff,</div><br>v.<br><br>THI of South Carolina At Camp Care, LLC d/b/a Lake Emory Post Acute Care, Hunt Valley Holdings, LLC f/k/a Fundamental Long-Term Care Holdings, LLC, Lynette Hill, individually, and as representative of THI of South Carolina At Camp Care, LLC d/b/a Lake Emory Post Acute Care, and Aetna Life Insurance Company,<br><br><div align=center>Defendants.</div> | IN THE COURT OF COMMON PLEAS<br>SEVENTH JUDICIAL CIRCUIT<br><br>Civil Action No.: 2024-CP-42-_____<br><br><br><br><br><div align=center>**SUMMONS**</div><br><div align=center>**(Jury Trial Demanded)**</div> |

TO:    THE DEFENDANTS ABOVE-NAMED:

You are hereby summoned and required to answer the Complaint in this action, a copy of which is attached hereto and herewith served upon you, and to serve a copy of your Answer to same upon the subscribed at Read Law Firm, LLC, 101 W. Park Ave, Greenville, South Carolina 29601 within thirty (30) days after the service of same, exclusive of the day of such service.  If you fail to answer same within the thirty (30) day period, Plaintiff will apply to the Court for the relief demanded therein and judgment will be taken against you by default.

<div align=center>

**READ LAW FIRM, LLC**

</div>

*s/ John M. Read, IV*
John M. Read IV, Esq.
101 W. Park Ave.
Greenville, SC 29601
Telephone: (864) 501-5110
jread@readlegal.com
ATTORNEY FOR PLAINTIFF

November 25, 2024

ELECTRONICALLY FILED - 2024 Nov 25 4:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4204641

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF SPARTANBURG<br><br>Roger Stevens, as Personal Representative of the Estate of Johnnie Stevens,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>THI of South Carolina At Camp Care, LLC d/b/a Lake Emory Post Acute Care, Hunt Valley Holdings, LLC f/k/a Fundamental Long-Term Care Holdings, LLC, and Lynette Hill, individually, and as representative of THI of South Carolina At Camp Care, LLC d/b/a Lake Emory Post Acute Care, and Aetna Life Insurance Company,<br><br>　　　　　　Defendants. | IN THE COURT OF COMMON PLEAS<br>SEVENTH JUDICIAL CIRCUIT<br><br>Civil Action No.: 2024-CP-42-_____<br><br><br><br>**COMPLAINT**<br><br>**(Jury Trial Demanded)** |

COMES NOW THE PLAINTIFF, by and through the undersigned attorney, who would respectfully show unto this Court the following:

### PARTIES AND JURISDICTION

1.　　　Plaintiff, Johnnie Stevens was a resident of Defendants' extended care facility, THI of South Carolina at Camp Care, LLC d/b/a Lake Emory Post-Acute Care ("hereinafter referred to collectively with Defendants Hunt Valley Holdings, LLC f/k/a Fundamental Long-Term Care Holdings, LLC, and Lynette Hill, individually, and as representative of THI of South Carolina At Camp Care, LLC d/b/a Lake Emory Post Acute Care as "Defendants Lake Emory") in the City of Inman, South Carolina in Spartanburg County from on or about May 6, 2022 until her demise on May 18, 2023.

2.　　　Plaintiff Roger Stevens, her son, has been appointed as the Personal Representative of the Estate of Johnnie Stevens.

2

ELECTRONICALLY FILED - 2024 Nov 25 4:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4204641

3.      Upon information and belief, Defendant THI of South Carolina at Camp Care, LLC d/b/a Lake Emory Post Acute Care is incorporated in the State of Delaware, with its principal place of business located in Spartanburg County.

4.      Upon information and belief, Hunt Valley Holdings, LLC f/k/a Fundamental Long-Term Care Holdings, LLC, is incorporated in the State of Delaware and does business in Spartanburg County, State of South Carolina.

5.      Upon information and belief, Defendant Hunt Valley is an owner/operator and principal of Defendant Lake Emory and participates in the control of its operation and management, including the acts and delicts of its agents, and derives a substantial benefit from the business and activities conducted at Lake Emory.

6.      Upon information and belief, Defendant Lynette Hill, individually, and as representative of THI of South Carolina at Camp Care, LLC d/b/a Lake Emory Post Acute Care is a citizen and resident of Spartanburg County, State of South Carolina.

7.      Defendant Aetna Life Insurance Company ("Defendant Aetna") is a Connecticut corporation subject to the jurisdiction of this Court pursuant to Section 36-2-803 of the Code of Laws of South Carolina (1976) for the following reasons:

a.   The Defendant transacted business in the State of South Carolina; and/or,

b.   The Defendant entered into a contract with the Plaintiff that was to be performed whole or in part in the State of South Carolina.

8.      The acts and delicts referred to herein occurred at Defendant Lake Emory's facility in the County of Spartanburg, State of South Carolina.

9.      Defendants are each vicariously liable and legally responsible for the harm to Plaintiffs.

10.     This Court has jurisdiction over the parties and the subject matter of this

ELECTRONICALLY FILED - 2024 Nov 25 4:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4204641

Complaint in accordance with Article 5, Section 11 of the South Carolina Constitution, Section 14-1-80 of the *Code of Laws of South Carolina* (1976) and the common law of South Carolina. Jurisdiction and venue are proper in Spartanburg County, South Carolina because a substantial part of the events or omissions on which the claims are based occurred here and because Defendants reside in Spartanburg County. Additionally, jurisdiction and venue are proper under South Carolina's Long-Arm Statute because Plaintiff's causes of action arise in whole or in part by virtue of Defendants' transacting business in this State, Defendants' commission of a tortious act in whole or in part in this State, Defendants' causing tortious injury in this State by an act or omission outside this State, and by virtue of Defendants' entry into contracts to be performed in whole or in part by either party in this State.

<u>**FACTUAL ALLEGATIONS**</u>

11.     All above paragraphs are realleged as if set forth fully herein.

12.     At all times relevant herein, Defendants acted by and through their duly authorized and appointed agents and/or employees, who acted within the scope and authority of their employment and/or agency.

13.     In or around sometime before April 2022, Mrs. Johnnie Stevens, now deceased, applied for medical insurance coverage with Defendant Aetna, for which she paid all applicable fees, costs and premiums.

14.     Defendant Aetna accepted Mrs. Stevens' application and issued her a policy with member number 101308565700 in accordance with the agreement and understanding of the parties.

15.     In April 2022, Mrs. Stevens was 81 years of age.

16.     She was admitted to a hospital in Spartanburg County, South Carolina in April 2022 with a severe infection for which she received treatment for approximately two weeks.

ELECTRONICALLY FILED - 2024 Nov 25 4:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4204641

17.     During that time, she suffered from confusion, hallucinations, and cognitive impairment.

18.     On or about May 6, 2022, Mrs. Stevens was discharged directly to Lake Emory for the purpose of rehabilitation and to continue the management of the antibiotics that she continued to receive intravenously for approximately 6 weeks.

19.     Upon information and belief, at the time that Mrs. Stevens was admitted to Defendants Lake Emory's facility and at all times relevant hereto, Defendants Lake Emory were contractually obligated to provide care for her and to invoice her insurance company, Defendant Aetna, for the services provided in pursuit of said care.

20.     Her cognitive abilities continued to decline dramatically after her admission.

21.     Pursuant to the terms of its above-referenced policy with Mrs. Stevens, Defendant Aetna was obligated to pay for 100 days of care for Mrs. Stevens at Defendants' Lake Emory's facility.

22.     Defendant Aetna provided Defendants Lake Emory with a "waiver of further coverage" form to be executed by Mrs. Stevens, the purpose of which was to have her waive her right to have Aetna pay for her care and to obligate her to pay for her care directly from her personal funds.

23.     Mrs. Stevens was not legally competent to understand the terms of the waiver.

24.     Defendants knew or should have known of Mrs. Stevens' infirmity and the fact that she lacked the capacity to sign the referenced form.

25.     Defendants conspired to procure her signature through misrepresentations that waiving further coverage would be to her benefit.

ELECTRONICALLY FILED - 2024 Nov 25 4:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4204641

26.    On or about June 2, 2022, Defendants Lake Emory and Lynette Hill procured Mrs. Stevens' signature on the referenced waiver form that purported to relieve the obligation of Defendant Aetna to pay for her stay at the facility.

27.    After approximately 30 days, Defendant Aetna, in violation of its obligations to Mrs. Stevens under the policy, refused to pay for any additional care.

28.    Defendants Aetna and Lake Emory have profited from Mrs. Stevens' purported waiver.

### FOR A FIRST CAUSE OF ACTION
**As to all Defendants**
**(Fraud in the Inducement)**

29.    Plaintiff realleges all above paragraphs, to the extent not inconsistent herewith, as if each is set forth *in toto* hereunder.

30.    Defendants made false representations to Plaintiff relating to a present or preexisting fact regarding the signing of the referenced waiver, the impact upon insurance coverage, and the harm posed thereby to Plaintiff.

31.    These representations were material.

32.    Defendants either knew the representations were false or made such representations with a reckless disregard of their truth or falsity.

33.    Defendants intended Plaintiff to act upon Defendants' representations.

34.    Plaintiff was ignorant of the falsity of Defendant's representations.

35.    Plaintiff relied upon the truth of Defendants' representations.

36.    Plaintiff had a right to rely upon the truth of Defendants' representations.

37.    As a direct and proximate result, Plaintiff was damaged, thereby entitling Plaintiff to actual and punitive damages hereunder in an amount to be determined by the Court and the citizens of Spartanburg County empaneled and empowered to hear such cause.

ELECTRONICALLY FILED - 2024 Nov 25 4:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4204641

## FOR A SECOND CAUSE OF ACTION
### As to all Defendants
### (Fraud)

38.     Plaintiff realleges all above paragraphs, to the extent not inconsistent herewith, as if each is set forth *in toto* hereunder.

39.     Defendants represented to Plaintiff that the care provided for her at the Lake Emory facility was covered by insurance.  Defendants then acted as set forth above, both separately and in concert, to circumvent their respective obligations by having her sign the referenced waiver while she was incompetent.

40.     Defendants further represented that the waiver she was asked to sign was to her benefit.

41.     These representations were false.

42.     These representations were material.

43.     Defendants either knew the representations were false or made such representations with a reckless disregard of their truth or falsity.

44.     Defendants intended Plaintiff to act upon Defendants' representations.

45.     Plaintiff was ignorant of falsity of Defendants' representations.

46.     Plaintiff relied upon the truth of Defendants' representations.

47.     Plaintiff had a right to rely upon the truth of Defendants' representations.

48.     As a direct and proximate result of all of the above referenced acts, Plaintiff has been damaged, thereby entitling Plaintiff to actual and punitive damages hereunder in an amount to be determined by the Court and the citizens of Spartanburg, County empaneled and empowered to hear such cause.

ELECTRONICALLY FILED - 2024 Nov 25 4:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4204641

## FOR A THIRD CAUSE OF ACTION
**As to Defendants Lake Emory**
**(Breach of Contract)**

49.     Plaintiff realleges all above paragraphs, to the extent not inconsistent herewith, as if each is set forth *in toto* hereunder.

50.     Defendants Lake Emory contracted with Plaintiff to deliver healthcare services in return for payment which would be paid by insurance to the extent that coverage applied.

51.     Plaintiff fully performed her obligations by securing insurance coverage that was available for payment.

52.     Defendants Lake Emory materially and substantially breached the contract because they attempted to negate the application of insurance coverage for her care as described above.

53.     As a direct and proximate result, Plaintiff has been damaged as set forth fully hereunder, thereby entitling Plaintiff to actual damages in an amount to be determined by the Court and the citizens of Spartanburg County empaneled and empowered to hear such cause.

## FOR A FOURTH CAUSE OF ACTION
**As to Defendant Aetna**
**(Breach of Contract)**

54.     Plaintiff realleges all above paragraphs, to the extent not inconsistent herewith, as if each is set forth *in toto* hereunder.

55.     Defendant Aetna contracted with Plaintiff to provide healthcare insurance for expenses incurred by Plaintiff.

56.     Plaintiff fully performed her obligations under the contract.

57.     Defendant Aetna materially and substantially breached the contract by failing to pay Plaintiff's medical expenses and by attempting to negate the application of insurance coverage for her care as described above.

ELECTRONICALLY FILED - 2024 Nov 25 4:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4204641

58.     As a direct and proximate result, Plaintiff has been damaged as set forth fully hereunder, thereby entitling Plaintiff to actual and punitive damages in an amount to be determined by the Court and the citizens of Spartanburg County empaneled and empowered to hear such cause.

### FOR A FIFTH CAUSE OF ACTION
**As to Defendants Lake Emory**
**(Breach of Contract Accompanied by a Fraudulent Act)**

59.     Plaintiff realleges all above paragraphs, to the extent not inconsistent herewith, as if each is set forth *in toto* hereunder.

60.     Defendants Lake Emory breached the described contract with Plaintiff.

61.     Defendants Lake Emory had a fraudulent intent relating to the breaching of the contract and not merely to its making.

62.     Defendants Lake Emory's breach was accompanied by a fraudulent act, which can be characterized by dishonesty in fact, unfair dealing and/or the unlawful appropriation of Plaintiff's property by design.

63.     As a direct and proximate result, Plaintiff has been damaged as set forth fully hereunder, thereby entitling Plaintiff to actual and punitive damages in an amount to be determined by the Court and the citizens of Spartanburg County empaneled and empowered to hear such cause.

### FOR A SIXTH CAUSE OF ACTION
**As to Defendant Aetna**
**(Breach of Contract Accompanied by a Fraudulent Act)**

64.     Plaintiff realleges all above paragraphs, to the extent not inconsistent herewith, as if each is set forth *in toto* hereunder.

65.     Defendant Aetna breached the described isnurance contract with Plaintiff.

66.     Defendant Aetna had a fraudulent intent relating to the breaching of the contract

ELECTRONICALLY FILED - 2024 Nov 25 4:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4204641

and not merely to its making.

67.     Defendant Aetna's breach was accompanied by a fraudulent act, which can be characterized by dishonesty in fact, unfair dealing and/or the unlawful appropriation of Plaintiff's property by design.

68.     As a direct and proximate result, Plaintiff has been damaged as set forth fully hereunder, thereby entitling Plaintiff to actual and punitive damages in an amount to be determined by the Court and the citizens of Spartanburg County empaneled and empowered to hear such cause.

### FOR A SEVENTH CAUSE OF ACTION
**As to Defendants Lake Emory**
**(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

69.     Plaintiff realleges all above paragraphs, to the extent not inconsistent herewith, as if each is set forth *in toto* hereunder.

70.     There is an implied covenant of Good Faith and Fair Dealing in all contracts entered into or to be performed in the State of South Carolina.

71.     Defendants Lake Emory's actions as alleged herein were unreasonable, willful, reckless, and unjustified, and amount to a breach of the implied In-Law duty of Good Faith and Fair Dealing inherent in all contracts.

72.     As a direct and proximate result, Plaintiff has been damaged as set forth fully hereunder, thereby entitling Plaintiff to actual and punitive damages in an amount to be determined by the Court and the citizens of Spartanburg County empaneled and empowered to hear such cause.

ELECTRONICALLY FILED - 2024 Nov 25 4:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4204641

**FOR AN EIGHTH CAUSE OF ACTION**
**As to Defendant Aetna**
**(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

73.    Plaintiff realleges all above paragraphs, to the extent not inconsistent herewith, as if each is set forth *in toto* hereunder.

74.    There is an implied covenant of Good Faith and Fair Dealing in all contracts entered into or to be performed in the State of South Carolina.

75.    Defendant Aetna's actions as alleged herein were unreasonable, willful, reckless, and unjustified, and amount to a breach of the implied In-Law duty of Good Faith and Fair Dealing inherent in all contracts.

76.    As a direct and proximate result, Plaintiff has been damaged as set forth fully hereunder, thereby entitling Plaintiff to actual and punitive damages in an amount to be determined by the Court and the citizens of Spartanburg County empaneled and empowered to hear such cause.

**FOR A NINTH CAUSE OF ACTION**
**As to all Defendants**
**(Negligent Misrepresentation)**

77.    Plaintiff realleges all above paragraphs, to the extent not inconsistent herewith, as if each is set forth *in toto* hereunder.

78.    By and through their duly acting and appointed agents, Defendants made false representations to Plaintiff regarding insurance coverage, personal responsibility for payment, and the consequences of signing the referenced waiver.

79.    Defendants had pecuniary interest in making the statements.

80.    Defendants owed a duty of care to see that they communicated truthful information to Plaintiff.

ELECTRONICALLY FILED - 2024 Nov 25 4:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4204641

81.    Defendants breached that duty by failing to exercise due care.

82.    Plaintiff justifiably relied on Defendants' representations.

83.    Plaintiff suffered pecuniary loss as proximate result of her reliance upon those representations.

84.    As a direct and proximate result, Plaintiff was damaged, thereby entitling Plaintiff to actual and punitive damages hereunder in an amount to be determined by the Court and the citizens of Spartanburg County empaneled and empowered to hear such cause.

### FOR A TENTH CAUSE OF ACTION
**As to Defendant Aetna**
**(Civil Conspiracy)**

85.    Plaintiff realleges all above paragraphs, to the extent not inconsistent herewith, as if each is set forth *in toto* hereunder.

86.    Plaintiff had a contract of insurance with Defendant Aetna for healthcare expenses incurred by Plaintiff.

87.    Plaintiff made a claim for payment under this insurance policy.

88.    Defendant Aetna wrongfully denied payment of Plaintiff's claim.

89.    Defendants wrongfully induced Plaintiff to sign the referenced waiver to relieve Defendant Aetna of its obligation to pay.

90.    Defendant Aetna's denial of Plaintiff Steven's claim, both directly and, by virtue of the referenced waiver, were without reasonable cause and/or made in bad faith.

91.    As a direct and proximate result, Plaintiff was damaged, thereby entitling Plaintiff to actual and punitive damages hereunder in an amount to be determined by the Court and the citizens of Spartanburg County empaneled and empowered to hear such cause.

ELECTRONICALLY FILED - 2024 Nov 25 4:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4204641

## FOR AN ELEVENTH CAUSE OF ACTION
### As to all Defendants
### (Civil Conspiracy)

92.     Plaintiff realleges all above paragraphs, to the extent not inconsistent herewith, as if each is set forth *in toto* hereunder.

93.     Defendants, individually, and by and through the respective entities for which these defendants were agents, employees, owners, members, shareholders, managers, officers, or directors, combined together for the purpose of injuring Plaintiff.

94.     As a direct and proximate result, Plaintiff was specially injured thereby.

95.     As a direct and proximate result, Plaintiff was damaged, thereby entitling Plaintiff to actual and punitive damages hereunder in an amount to be determined by the Court and the citizens of Spartanburg County empaneled and empowered to hear such cause.

## FOR A TWELFTH CAUSE OF ACTION
### As to Defendants Lake Emory
### (Negligence)

96.     Plaintiff realleges all above paragraphs, to the extent not inconsistent herewith, as if each is set forth *in toto* hereunder.

97.     Defendants Lake Emory owed a duty to Plaintiff to ensure that Plaintiff did not sign documents while lacking the competency or capacity to do so and to conduct their business with honesty and integrity.

98.     By and through their duly acting and appointed agents, Defendants Lake Emory negligently, recklessly, willfully and wantonly breached their duty to Plaintiff in one or more of the following particulars:

     a.     failing to properly train their employees;

     b.     failing to properly supervise their employees;

ELECTRONICALLY FILED - 2024 Nov 25 4:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4204641

    c.      training and/or encouraging their employees and/or the employees of other defendants to commit fraud;

    d.      failing to recognize that Plaintiff lacked capacity or competency to execute the referenced waiver;

    e.      preparing, generating and executing documents which Defendants knew or should have known contained terms which harmed Plaintiff; and,

    f.      ratifying documents which Defendants knew or should have known contained false information and/or were based upon false representations.

99.    As a direct and proximate result, Plaintiff was damaged, thereby entitling Plaintiff to actual and punitive damages hereunder in an amount to be determined by the Court and the citizens of Spartanburg County empaneled and empowered to hear such cause.

<div align="center">

**FOR A THIRTEENTH CAUSE OF ACTION**
**As to Defendant Aetna**
**(Promissory Estoppel)**

</div>

100.    Plaintiff realleges all above paragraphs, to the extent not inconsistent herewith, as if each is set forth *in toto* hereunder.

101.    Defendant Aetna unambiguously promised to pay the applicable expenses at Lake Emory both through its insurance contract with Plaintiff and through its pre-approval/pre-certification of Plaintiff's care.

102.    Plaintiff reasonably relied upon this promise by Defendant.

103.    Plaintiff's reliance was expected, intended and/or foreseeable by Defendant Aetna.

104.    As a direct and proximate result, Plaintiff was damaged, thereby entitling Plaintiff to actual and punitive damages hereunder in an amount to be determined by the Court and the citizens of Spartanburg County empaneled and empowered to hear such cause.

ELECTRONICALLY FILED - 2024 Nov 25 4:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4204641

### FOR A FOURTEENTH CAUSE OF ACTION
**As to Defendants Lake Emory**
**(Promissory Estoppel)**

105.     Plaintiff realleges all above paragraphs, to the extent not inconsistent herewith, as if each is set forth *in toto* hereunder.

106.     Defendants Lake Emory unambiguously promised to submit all covered medical expenses incurred by Plaintiff at Lake Emory to Plaintiff's insurance company and secure payment therefrom.

107.     Plaintiff reasonably relied upon this promise by Defendant Lake Emory.

108.     Plaintiff's reliance was expected, intended and/or foreseeable by Defendants Lake Emory.

109.     As a direct and proximate result, Plaintiff has been damaged as set forth fully hereunder, thereby entitling Plaintiff to actual and punitive damages in an amount to be determined by the Court and the citizens of Spartanburg County empaneled and empowered to hear such cause.

### FOR A FIFTEENTH CAUSE OF ACTION
**As to all Defendants**
**(Unjust Enrichment)**

110.     Plaintiff realleges all above paragraphs, to the extent not inconsistent herewith, as if each is set forth *in toto* hereunder.

111.     Plaintiff conferred a non-gratuitous benefit upon Defendants.

112.     It would be unjust, unfair and inequitable for these defendants to retain this benefit.

113.     As a direct and proximate result, Plaintiff was damaged, thereby entitling Plaintiff to actual and punitive damages hereunder in an amount to be determined by the Court and the citizens of Spartanburg County empaneled and empowered to hear such cause.

ELECTRONICALLY FILED - 2024 Nov 25 4:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4204641

**FOR A SIXTEENTH CAUSE OF ACTION**
**As to All Defendants**
**(Unfair Trade Practice)**

114.    Plaintiff realleges all above paragraphs, to the extent not inconsistent herewith, as if each is set forth *in toto* hereunder.

115.    Individually, and by and through their duly acting and appointed agents, the actions and/or omissions by Defendants constitute unfair and/or deceptive trade practices in the conduct of trade/commerce, which are unlawful in the State of South Carolina, as set forth by the Code of Law of South Carolina (1976), § 39-5-20, et seq.

116.    The actions of Defendants affect the public interest because they are capable of repetition in the deceiving and defrauding of other consumers of the public.

117.    The actions of the Defendants are willful, within the definition and meaning of § 39-5-140 (S.C. Code, 1976), entitling Plaintiff to treble her actual damages, plus attorney's fees hereunder in an amount to be determined by the Court and the citizens of Spartanburg County empaneled and empowered to hear such cause.

**WHEREFORE**, Plaintiff prays for judgment against Defendants, jointly and severally, for actual damages, doubled or trebled as permitted under the various statutory claims, plus attorney's fees, and punitive damages, all in an amount to be determined by the Court and the citizens of Spartanburg County empaneled and empowered to hear such cause.  Plaintiff further requests a jury trial, the costs of this action and any other relief the Court deems fair and just under the circumstances.

~signature page follows~

**READ LAW FIRM, LLC**

_s/ John M. Read, IV_
John M. Read IV, Esq.
101 W. Park Ave.
Greenville, SC 29601
(864) 501-5110
jread@readlegal.com
ATTORNEY FOR PLAINTIFF

November 25, 2024

ELECTRONICALLY FILED - 2024 Nov 25 4:06 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4204641

ELECTRONICALLY FILED - 2024 Dec 30 9:20 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4204641

## AFFIDAVIT OF SERVICE

**State of South Carolina**          **County of Spartanburg**          **Common Pleas Court**

Case Number: 2024-CP-42-4641

Plaintiff:
**Roger Stevens, as Personal Representative of the Estate of Johnnie Stevens**

vs.

Defendant:
**THI of South Carolina At Camp Care, et al**

Received by FALCON EXPRESS SERVICES, LLC to be served on **Lynette Hill, 612 Nettie Drive, Inman, SC 29349**.

I, Jordan Snipes, being duly sworn, depose and say that on the **2nd day of December, 2024** at **7:00 pm**, I:

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **LETTER, SUMMONS, COMPLAINT, PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANTS and PLAINTIFF'S FOR PRODUCTION TO DEFENDANTS** to: **Lynette Hill** at the address of: **612 Nettie Drive, Inman, SC 29349**, in compliance with state statutes.

**Military Status:** Based upon inquiry of party served, Defendant is not in the military service of the United States of America.

Any and all physical description details are approximations.

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the 3ʳᵈ day of December 2024 by the affiant who is personally known to me.

NOTARY PUBLIC
My Commission Expires: 5-5-25

**Jordan Snipes**
Process Server

**FALCON EXPRESS SERVICES, LLC**
(843) 577-9696

Our Job Serial Number: FES-2024011058



CHRISTAL J. COOK
MY COMMISSION EXPIRES
MAY
05
2025
SOUTH CAROLINA
NOTARY PUBLIC

Copyright © 1992-2024 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a



ELECTRONICALLY FILED - 2024 Dec 30 9:22 AM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4204641

## <u>AFFIDAVIT OF SERVICE</u>

**State of South Carolina**       **County of Spartanburg**       **Common Pleas Court**

Case Number: 2024-CP-42-4641

Plaintiff:
**Roger Stevens, as Personal Representative of the Estate of Johnnie Stevens**

vs.

Defendant:
**THI of South Carolina At Camp Care, et al**

Received by FALCON EXPRESS SERVICES, LLC to be served on **THI of South Carolina at Camp Care, LLC c/o Corporation Service Company, 508 Meeting Street, West Columbia, SC 29169.**

I, Jeremy DiCarmine, being duly sworn, depose and say that on the **4th day of December, 2024** at **8:50 am, I:**

served a **CORPORATION** by delivering a true copy of the **LETTER, SUMMONS, COMPLAINT, PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANTS and PLAINTIFF'S FOR PRODUCTION TO DEFENDANTS** to: **Corporation Service Company** as **Registered Agent** for **THI of South Carolina at Camp Care, LLC**, accepted by **Tracy Forman** as **Administrative Assistant** at the address of: **508 Meeting Street, West Columbia, SC 29169**, and informed said person of the contents therein, in compliance with state statutes.

Any and all physical description details are approximations.

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

_____
**Jeremy DiCarmine**
Process Server

Subscribed and Sworn to before me on the 4th
day of ___December___ , 2024 by the affiant who
is personally known to me.

_____
NOTARY PUBLIC
My Commission Expires: _____



My Commission Expires August 04, 2031

**FALCON EXPRESS SERVICES, LLC**
**(843) 577-9696**

Our Job Serial Number: FES-2024011057



# Certificate of Electronic Notification

| Recipients |
| --- |
| **John Read**  - Notification transmitted on 12-30-2024 09:23:00 AM. |

ELECTRONICALLY FILED - 2024 Dec 30 12:27 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4204641

****** IMPORTANT NOTICE - READ THIS INFORMATION *****
NOTICE OF ELECTRONIC FILING [NEF]

‒

**A filing has been submitted to the court RE:** 2024CP4204641

**Official File Stamp:**          12-30-2024 09:22:49 AM

**Court:**          CIRCUIT COURT

Common Pleas

Spartanburg

**Case Caption:**          Roger Stevens , plaintiff, et al VS Thi Of South Carolina, Llc , defendant, et al

**Document(s) Submitted:**          Service/Acknowledgment Of Service

**Filed by or on behalf of:**          John Magruder Read, IV

This notice was automatically generated by the Court's auto-notification system.

‒

**The following people were served electronically:**

John Magruder Read, IV for Roger Stevens

**The following people have not been served electronically by the Court. Therefore, they must be served by traditional means:**

Individually, And As Representative Of Thi Of South Carolina At Camp Care

Lake Emory Post Acute Care

As Personal Representative Of The Estate Of Jonnie Stevens

Hunt Valley Holdings, Llc

Lynette Hill

Aetna Life Insurance Company

Thi Of South Carolina, Llc

Fundamental Long-Term Care Holdings, Llc

ELECTRONICALLY FILED - 2024 Dec 30 12:27 PM - SPARTANBURG - COMMON PLEAS - CASE#2024CP4204641